**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7452**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL CASSANOVA DYSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:09-cr-00021-FPS-JES-6; 5:11-cv-00017-FPS-JES)

Submitted: January 21, 2014          Decided: January 24, 2014

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael Cassanova Dyson, Appellant Pro Se.  John Castle Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Cassanova Dyson seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for relief from the court's prior judgment[*] in light of Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling in debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

---

[*] The Rule 60(b) motion was filed in Dyson's 28 U.S.C. § 2255 (2012) post-conviction proceeding, in which Dyson sought relief from his sentence.

We have independently reviewed the record and conclude that Dyson has not made the requisite showing. The district court lacked jurisdiction to deny Dyson's Rule 60(b) motion on the merits because the claim he raised challenged the validity of his sentence, and thus the motion should have been construed as a successive 28 U.S.C. § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of pre-filing authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED